**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRAVCO INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-06742 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| DUPAGE SOFT WATER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Travco Insurance Company ("Travco") provided casualty insurance for a residence allegedly damaged in a fire resulting from the negligence of Defendant DuPage Soft Water ("DuPage Water"). Pursuant to its policy with the homeowners, Travco covered the insureds' property damage. Travco then brought the present subrogation action against DuPage Water, asserting state-law claims for negligence and breach of implied warranty. Now, DuPage Water moves to dismiss Travco's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 15.) For the reasons that follow, DuPage Water's motion is granted in part and denied in part.

## BACKGROUND

For the purposes of the motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and views those facts in the light most favorable to Travco as the non-moving party. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The complaint alleges as follows.

James and Sheila Prueter owned a home in Willowbrook, Illinois, which was insured against casualty losses pursuant to a policy issued by Travco. (Compl. ¶¶ 4–5, 12–13, Dkt. No. 1.) In 2021, employees of DuPage Water, a water conditioning and treatment company, made

multiple visits to the Prueters' residence to service certain equipment it had installed in their home, as that equipment had been tripping breakers in the home's electrical panel. (*Id.* ¶¶ 14–15, 20–21.) However, DuPage Water's employees failed to detect that the chlorinator, well pump, and pressure switch were all connected to two single pole breakers when they should have been connected to dual pole breakers. (*Id.* ¶¶ 20–21.) As a result of that faulty wiring, a fire broke out in the Prueters' home on July 29, 2021, causing fire, smoke, and water damage to the residence, its fixtures, and other personal property inside the residence. (*Id.* ¶¶ 16, 18.)

Pursuant to its policy with the Prueters, Travco paid $523,939.51 to cover the property damage caused by the July 29, 2021 fire. (*Id.* ¶ 18.) Travco then brought this lawsuit as the Prueters' subrogee against DuPage Water. Specifically, Travco alleges that the fire damage to the Prueters' residence was caused by DuPage Water's negligence in failing to detect and correct the faulty wiring of the home's chlorinator, well pump, and pressure switch. Travco therefore asserts claims against DuPage Water under Illinois law for negligence and breach of the implied warranty of good workmanship.

## DISCUSSION

DuPage Water moves to dismiss both of the complaint's claims. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

2

## I.     Negligence

DuPage Water contends that Travco's negligence claim is barred by the economic loss doctrine. Under Illinois law, the economic loss doctrine provides that a "plaintiff cannot recover for solely economic loss under the tort theories of strict liability, negligence and innocent misrepresentation." *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 453 (Ill. 1982). Uncovered economic loss includes "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits—without any claim of personal injury or damage to other property." *Id.* at 449 (internal quotation marks omitted). "In essence, the economic loss, or commercial loss, doctrine denies a remedy in tort to a party whose complaint is rooted in disappointed contractual or commercial expectations." *Sienna Ct. Condo. Ass'n v. Champion Aluminum Corp.*, 129 N.E.3d 1112, 1119 (Ill. 2018) (internal quotation marks omitted).

According to Travco, its negligence claim falls within one of three recognized exceptions to the economic loss doctrine. Relevant here, the economic loss doctrine does not preclude recovery in tort "where the plaintiff sustained damage, *i.e.*, personal injury or property damage, resulting from a sudden or dangerous occurrence." *In re Chi. Flood Litig.*, 680 N.E.2d 265, 275 (Ill. 1997). For this exception to apply, a plaintiff "must establish both: (1) that they sustained damage to property; and (2) that the damage was caused by a sudden, dangerous or calamitous event." *Hecktman v. Pac. Indem. Co.*, 59 N.E.3d 868, 874 (Ill. App. Ct. 2016). DuPage Water does not deny that the fire that damaged the Prueters' home qualifies as a sudden or dangerous occurrence. Indeed, in recognizing the sudden or dangerous occurrence exception, the Illinois Supreme Court "had in mind fires, explosions, or other calamitous occurrences due to the failure of a product and the resulting risk of harm to persons or property." *Loman v. Freeman*, 890

N.E.2d 446, 452 (Ill. 2008). Nonetheless, DuPage Water contends that Travco failed adequately

to allege that the Prueters suffered damage to property, within the meeting of the exception.

Under the sudden or dangerous occurrence exception to the economic loss doctrine, "the

property damaged must be property other than the allegedly defective product itself." *Westfield*

*Ins. Co. v. Birkey's Farm Store, Inc.*, 924 N.E.2d 1231, 1243 (Ill. App. Ct. 2010). Even though

Travco is not seeking recovery for damage to the improperly wired water conditioning

equipment that started the fire, and only for the damage that the fire caused to the rest of the

Prueters' home, DuPage Water argues that the damage does not constitute damage to "other

property." It emphasizes that the Illinois Supreme Court has found that "the economic loss

doctrine should bar tort recovery when a defective product causes the type of damage one would

reasonably expect as a direct consequence of the failure of the defective product." *Trans States*

*Airlines v. Pratt & Whitney Can., Inc.*, 682 N.E.2d 45, 58 (Ill. 1997). Where the damage

involved is the type of damage one could reasonably expect as a consequence of a defect in that

product, the economic loss doctrine bars recovery in tort since the parties "could have bargained

in consideration of such risks." *Id.*; *see also In re StarLink Corn Prods. Liab. Litig.*, 212 F. Supp.

2d 828, 841 (N.D. Ill. 2002) ("If the damage is of a type that the buyer could have foreseen

resulting from the product failing to perform, it does not constitute harm to other property.").

To show why the damage to the Prueters' home does not fall within the sudden or

dangerous occurrence exception, DuPage Water relies on a decision from a court in this District

that it asserts is on all fours with the allegations here. In *Harleysville Lake States Insurance Co.*

*v. Superior One Electric, Inc.*, No. 14 C 747, 2015 WL 9268210, at *1 (N.D. Ill. Dec. 21, 2015),

the plaintiff sued to recover damages to a building from a fire allegedly caused by an electrical

subcontractor's negligent installation of a high voltage power distributor called a "busway."

There, the district court held that the plaintiff's tort claim for incidental property damage to the building was barred by the economic loss doctrine because "improper installation of a high voltage busway foreseeably cause[s] fire and water damage." *Id.* at *3. The damages in the present case were also incidental to an electrical fire caused by faulty wiring, and so DuPage Water urges this Court to reach the same conclusion as the *Harleysville* district court. Yet, at least one court in this District has found *Harleysville* unpersuasive, criticizing the decision for failing to address the Illinois Supreme Court's statement in *Loman* pointing to fires from a defective product as a paradigmatic scenario covered by the sudden or dangerous occurrence exception. *See Elward v. Electrolux Home Prods., Inc.*, 214 F. Supp. 3d 701, 707 n.3 (N.D. Ill. 2016). Thus, the *Elward* court held that the exception applied to loss to property (other than the product itself) caused by a dishwasher that overheated and caught fire. *Id.* at 707.

Even assuming that the *Harleysville* court correctly declined to apply the sudden or dangerous occurrence exception to the allegations there, this Court finds the allegations here distinguishable. In likening *Harleysville* to the circumstances here, DuPage Water focuses too much on the defect as opposed to the product. In *Harleysville*, the defectively installed product was a high voltage power distributor; it is entirely foreseeable that a defective component of an electrical system would cause an electrical fire, thereby making any attendant fire damage to surrounding property foreseeable. By contrast, the Court does not find it similarly foreseeable that the failure of the water softening equipment here—the chlorinator, well pump, and pressure switch—would cause electrical fire damage to the Prueters' home and other property inside of it.

In short, Travco has alleged sufficiently that the fire caused by DuPage Water's defective installation of the water conditioning equipment was a sudden or dangerous occurrence that caused damage to property other than the defective equipment—namely, the Prueters' home and

the personal property inside it. Therefore, Travco has pleaded a cognizable negligence claim to recover damages falling within the sudden or dangerous occurrence exception to the economic loss doctrine.

## II.    Breach of Implied Warranty

Travco also alleges that DuPage Water breached its implied warranty of good workmanship in defectively installing the chlorinator, well pump, and pressure switch. As DuPage Water points out, while Illinois courts recognize implied warranties of habitability applicable to residences and of workmanlike construction in construction contracts, implied warranties otherwise have "been limited to the sale of goods, not services." *Am. Labelmark Co. v. Akiyama Corp. of Am.*, No. 93 C 3208, 1993 WL 460838, at *2 (N.D. Ill. Nov. 5, 1993); *see also Allstate Indem. Co. v. ADT LLC*, 110 F. Supp. 3d 856, 863–64 (N.D. Ill. 2015) (finding no implied warranty of good workmanship with respect to the defendant's deficient repair work on a fire detection system).

In response, Travco points to a single decision in which a court in this District interpreted an Illinois Supreme Court decision as "recogniz[ing] that a service contract may carry an implied undertaking that the job will be performed in a reasonably workmanlike manner." *Bd. of Managers of Winston Towers No. 4 Condo. Ass'n v. Westinghouse Elec. Corp.*, No. 92 C 0478, 1992 WL 168786, at *4 (N.D. Ill. July 13, 1992) (citing *Altevogt v. Brinkoetter*, 421 N.E.2d 182, 186 (Ill. 1982)). However, the case upon which the *Winston Towers* court relies in support of that proposition involved a construction contract. *Altevogt*, 421 N.E.2d at 186 ("***A contract to construct a building*** is a contract to render services, and courts applying Illinois law have recognized that such a contract may carry an implied undertaking that the various jobs of which the overall construction is composed will be performed in a reasonably workmanlike manner." (emphasis added)). Other courts in this District have "decline[d] to adopt *Winston Towers*'s

expansive view of the scope of warranty claims in service contracts." *Turner v. GAC Star Quality, LLC*, 671 F. Supp. 3d 897, 907 (N.D. Ill. 2023); *see also Am. Labelmark*, 1993 WL 460838, at *2 n.1 ("In this Court's view, the *Altevogt* holding is . . . limited to the types of contracts at issue in *Altevogt* and the cases in support of that decision."). Given that Illinois law provides no applicable implied warranty as to the service work provided by DuPage Water here, Travco's breach of implied warranty claim is dismissed.

## CONCLUSION

For the foregoing reasons, DuPage Water's motion to dismiss (Dkt. No. 13) is granted in part and denied in part. Specifically, the motion is granted as to Count II only. Travco's breach of implied warranty claim is dismissed.

ENTERED:

Dated:  June 11, 2025

_____

Andrea R. Wood
United States District Judge